UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 19-13196 (SCC) |

**OBJECTION OF THE UNITED STATES TRUSTEE IN CONNECTION WITH THE ENTRY OF A FINAL DIP CASH COLLATERAL ORDER**

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), hereby submits his objection (the "**Objection**") to the entry of a final order (the "**Final Order**") (I) Authorizing the Debtor to Obtain Post-Petition Financing, (II) Authorizing the Debtor to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Invalidating Any Purported Prepetition Award of Attachment of Funds, (VI) Modifying the Automatic Stay, (VII) Scheduling a Final Hearing, and (VIII) Granting Related Relief [Docket No. 7] (the "**DIP Motion**").

**INTRODUCTION**

The demand of the DIP Lender and certain other Prepetition Secured Parties[1] for a lien on all avoidance action proceeds is extraordinary. The Debtor has not yet filed schedules. The Debtor has not disclosed whether it has conducted an avoidance analysis. Absent an avoidance analysis, and some demonstration that a sale will result in proceeds for unsecured creditors, the Court should not approve a Final Order with this provision.

---

[1] Terms not defined herein are defined in the DIP Motion.

The United States Trustee has been unable to appoint a committee of unsecured creditors. This case was only recently filed and there may yet be sufficient creditor interest to form a committee.

## BACKGROUND

1. On October 7, 2019 (the "**Petition Date**"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, Bernard A. Katz filed a declaration (the "**Katz Declaration**") in support of the Chapter 11 Petition and First Day Pleadings. ECF Doc. No. 2.

2. The Debtor continues to operate its business and manage its property as a debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is responsible for the construction of both the retail and bus terminal components of a project to revitalize the George Washington Bridge bus terminal (the "Project"). "At its inception, the Debtor anticipated the Project would cost $183 million and take one year to complete." See Katz Declaration at ¶ 37. But the Debtor had "significant cost overruns." Id. at ¶ 38.

4. According to the Debtor, these cost overruns were solely attributable to a contractor. Id. at ¶ 38. The Debtor has acknowledged that this same contractor obtained an interim order of attachment in the amount of $23 million, but attributed this to an inability of the Debtor to afford a defense. Id. at ¶ 41.

5. The Debtor has also acknowledged that an arbitrator has issued an order requiring, among other expenses, the return of "the payment [by the Debtor] of personal expenses of one of its principals and for the payment of legal expenses. . ." Id. at 43(ii).

6. On October 17, 2019, the United States Trustee held a formation meeting to appoint a creditors' committee in the Chapter 11 Case. The United States Trustee was unable to form a committee.

**The Liabilities of the Debtor**

7. As of the Petition Date, the Debtor's capital structure consisted of outstanding debt obligations in the aggregate principal amount of approximately $105 million. See Katz Declaration at ¶ 15. Of this debt, approximately $82 million is secured. Id., Ex. D.

8. The Debtor has not yet filed schedules of assets and liabilities ("**Schedules**") or a statement of financial affairs ("**SOFA**"). By Order dated October 10, 2019, the Debtor's time to file a Schedules and SOFA has been extended to a date that is 28 days after the Petition Date, or to November 4, 2019. ECF Doc. No. 20.

**The Proposed Sale**

9. The Debtor has determined that a sale of the Debtor is the best available option to maximize value. To this end, the Debtor has retained Houlihan Lokey Capital, Inc. ("**Houlihan**") to conduct a post-petition marketing process "of no more" than 135 days. See Katz Declaration at ¶ 50. The DIP Motion does not provide any analysis of the expected sale price.

10. The Lender will be entitled to credit bid, absent some challenge to its liens. This credit bidding provision is not found in DIP Motion, but rather in the credit agreement attached as Exhibit B to the DIP Motion.

**ARGUMENT**

**The DIP Lender and Certain Prepetition Secured Parties Should not be Granted Liens on the Proceeds of Avoidance Actions**

Through the DIP Motion, the Debtor seeks to grant the DIP lender and certain of the Prepetition Secured Parties liens on the proceeds of avoidance actions. See DIP Motion at 7

(summary of terms of DIP financing) and Interim Order at ¶ 11(a).  This Court has recognized that granting liens on avoidance actions and their proceeds is an "extraordinary provision" for a debtor-in-possession financing order and that it is incumbent on the Debtor to set forth the justification for such extreme relief. See General Order No. M-274, "Guidelines for Financing Requests" (Sept. 9, 2002) at 2, 6.

As stated in another objection, such a justification must be rooted in fact, as this Court has found that the determination of whether to grant liens on the proceeds of avoidance actions requires a "fact-specific approach" where the Court discerns "whether granting a lien on avoidance actions is appropriate to secure the postpetition lending." Official Comm. of Unsecured Creditors of Motors Liquid. Co. v. U.S. Dep't of the Treasury (In re Motors Liquid. Co.), 460 B.R. 603, 626 n.101 (Bankr. S.D.N.Y. 2011) (quoting Tr. of Hrg. on Feb. 27, 2009, In re Lyondell Chemical Co., No. 09-10023, EFC #3740, at 747-48 (transcription errors corrected)). Here, the Debtor has not provided adequate justification for granting the DIP Lender and certain of the Prepetition Secured Parties liens on the proceeds of avoidance actions.

Accordingly, the United States Trustee objects to the entry of any Final Order that grants the DIP Lender and certain of the Prepetition Secured Parties a lien on avoidance actions and/or the proceeds of such actions.  The Debtor does not disclose an anticipated sale price or whether any bidder has made an offer.  The Debtor does not state whether it believes the sale process will generate revenues sufficient to pay secured creditors in full.  Such an analysis is not found anywhere in the DIP Motion, the Katz Declaration or the Hoolihan retention application, and, as stated, Schedules have not been filed.  The Debtor likewise does not explain the logic of a 135 day sale period.

The Lender can credit bid, and so the distinct possibility exists that at the end of the sale process that the Lender will control the Debtor with no recoveries for unsecured creditors, and additionally use this Court as a vehicle to recover avoidance actions from other creditors. If the Debtor cannot demonstrate that a sale has a reasonable chance of paying the secured creditors in full, the Court should deny the DIP Motion.

## **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order denying the DIP Motion and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
October 24, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   /s/ Greg M. Zipes
Greg M. Zipes
Trial Attorney
201 Varick Street, Room 1006
New York, New York 10014
Tel. No. (212) 510-0500