**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-13196 (SCC) |

## ORDER APPOINTING MEDIATOR

By this Order, the Court authorizes the Honorable Michael E. Wiles of the United States Bankruptcy Court for the Southern District of New York to serve as a mediator (the "Mediator") in the above-captioned case.

On October 7, 2019, George Washington Bridge Bus Station Development Venture LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). At the suggestion of the Court, the Debtor; New York City Regional Center, LLC; Tutor Perini Building Corp.; Upper Manhattan Empowerment Zone Development Corporation; and the Port Authority of New York and New Jersey (collectively, the "Mediation Parties") have agreed to meet with Judge Wiles to make a good faith attempt to resolve certain disputes through non-binding mediation (the "Mediation"). Based upon the foregoing, **it is hereby ORDERED that**:

1. Upon the entry of this Order, Judge Wiles shall be appointed as Mediator.

2. The Mediation Parties may (or at the direction of the Court shall) meet and confer with the

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 8685. The Debtor's business address is 626 South State Street, Newton, Pennsylvania 18940.

     Mediator to establish procedures and timing of the mediation.

3. Without limiting the applicability of Local Rule 9019-1, General Order M-452, or this Court's Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator and settlement discussions leading up to the appointment of the Mediator, (b) mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the Mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the Mediation, whether a direct participant or member of a committee or group, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer, or counteroffer that may be made or provided in connection with the Mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court.

4. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of an executed confidentiality agreement or order of this Court entered in connection with this adversary proceeding, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other

Mediation Party.

5. All oral and written communications concerning the subject of the Mediation generated in the context of the Mediation process shall be treated as confidential settlement discussions and shall not be disclosed to any third party. Communications protected against disclosure shall include the circumstances of the termination of the Mediation, if applicable.

6. Oral and written communications made during the Mediation shall not be admissible into evidence in any judicial or administrative proceeding. However, evidence shall not be excluded or otherwise considered improper in any judicial or administrative proceeding on the ground that it was developed as an outgrowth of information supplied in the Mediation. Further, written formal expert reports and studies designed as such by the Mediation Parties, if any, which are exchanged during the Mediation, may be admissible into evidence in accordance with applicable rules of evidence in any judicial or administrative proceeding relating to this matter. Disclosure of information in the Mediation will not result in the waiver of any privilege or right of confidentiality which might otherwise attach to the information.

7. No written record or transcript of any discussion had in the course of the Mediation is to be kept, absent express written agreement by the Mediation Parties.

8. For the avoidance of doubt, to the extent that any part of this Order shall conflict with Local Rule 9019-1, General Order M-452, or this Court's Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, the terms and provisions of this Order shall govern.

9. At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum stating (i) that the Mediator has conducted the Mediation, (ii) the names of counsel and principals who participated in the Mediation, (iii) an identification of any Party that has not acted in good faith during or in connection with the Mediation and (iv) whether and to what extent the Mediation was successful.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: New York, New York
       February 11, 2020

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE