SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Christine A. Okike
Patrick G. Rideout
Jeffrey S. Geier
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel to The Port Authority of New York and New Jersey*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>GEORGE WASHINGTON BRIDGE<br>BUS STATION DEVELOPMENT VENTURE LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-13196 (SCC) |

## DECLARATION OF CHRISTINE A. OKIKE

I, Christine A. Okike, declare under penalty of perjury that the following is true and correct:

1. I am a partner with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel to The Port Authority of New York and New Jersey (the "Port Authority") in the above-captioned proceedings.

2. Attached hereto as Exhibit 1 is a true and correct copy of a document titled "Interim Orders" as filed with the Southern District of New York by Tutor Perini Building Corp. as Docket Number 1 Ex. C in the action captioned *Tutor Perini Building Corp. v. George Washington Bridge Bus Station Development Venture LLC*, 19-CV-5344 (RA).

---

[1] The last four digits of Debtor's federal taxpayer identification number are 8685. Debtor's business address is 11890 Sunrise Valley Drive, Suite 554, Reston, VA 20191.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 20 February 2020 in New York, New York.


*/s/ Christine A. Okike*
Christine A. Okike

# **EXHIBIT 1**

IN THE MATTER OF:

AMERICAN ARBITRATION ASSOCIATION

GEORGE WASHINGTON BRIDGE BUS }
STATION DEVELOPMENT VENTURE, LLC }
                                         }
    Claimant                              }
                                         }
v.                                           } Case No. 01-15-0002-7887
                                         }
TUTOR PERINI BUILDING CORP.      }
                                         }
    Respondent                        }

## **INTERIM ORDERS**

      THIS MATTER comes before the Panel on the Claimant, GEORGE WASHINGTON BRIDGE BUS STATION DEVELOPMENT VENTURE, LLC's (hereinafter "DV") motions seeking (1) an adjournment of the evidential hearings and stay of the case and (2) additional time to formally identify replacement counsel. The Respondent, Tutor Perini Building Corp. (hereinafter "TPBC") opposes any adjournment or stay of the proceedings and renews its Application for a Preliminary Injunction and Attachment which Application was denied without prejudice to renew. See Preliminary Scheduling Order No. 12 dated September 14, 2018 (Attached Exhibit No. 1).

      A case management in-person hearing was held before the Panel on May 22, 2019 to address the aforementioned motions and Application. After consideration of written submissions, oral argument and the singular Exhibit introduced at said hearing (Attached Exhibit No. 2), the Panel issues the following Interim Orders:

      I.      <u>Adjournment of the Evidential Hearings and Stay of the Case</u>.

      Pursuant to the Panel's authority under Rule R-30 of the Construction Industry Arbitration Rules, the evidential hearings presently scheduled for July 29, 2019 – August 2, 2019 and August 5, 2019 – August 9, 2019 are hereby postponed and to be rescheduled. Once DV's replacement counsel has been formerly retained and identified, the parties are to confer with one

1

another and their witnesses to suggest replacement dates to account for the four (4) weeks of hearings that were postponed due to the sudden withdrawal of counsel for the DV. These dates shall, thereafter, be vetted by the Panel for approval.

    II.    <u>Identity of Replacement Counsel</u>.

Pursuant to the Panel's Interim Orders dated April 23, 2019, the DV was to notify the Panel and the Respondent of the identity of replacement counsel on or before 3:00 p.m. EST on May 20, 2019. This did not timely occur. A preliminary identification of replacement counsel was disclosed at the case management hearing subject to formal engagement. At that time, counsel for the DV requested an additional week to confirm the engagement of replacement counsel. On two (2) occasions subsequent thereto, the Claimant updated the Panel with respect to its efforts to retain replacement counsel and requested an additional extension until June 6, 2019. On May 29, 2019, counsel for the Respondent filed an opposition to the DV's request. The Panel Orders that the DV notify AAA, the Panel and Respondent by close of business on June 6, 2019, if the firm identified has been formally retained.

    III.    <u>Respondent's Renewed Application for Preliminary Injunction and Attachment</u>.

On June 29, 2018, the TPBC filed its Application for Preliminary Injunction and Attachment. In consideration of said Application, the Panel received and considered the following submissions by counsel and issued the following Pretrial Orders:

1. Application of Preliminary Injunction and Attachment (filed June 29, 2018).
    a. Affidavit of William O'Brien in Support
        i. Exhibit A: Payment Applications 30-44
        ii. Exhibit B: Correspondence Objecting to Withholding of Funds
        iii. Exhibit C: Email re Filing for Bankruptcy
        iv. Exhibit D: Email re Filing for Bankruptcy
    b. Proposed Order Granting Application
2. Opposition to Application for Preliminary Injunction and Attachment (July 16, 2018).

2

  a. Exhibit A: Request for Financial Information pursuant to Art. 2.2.1 of AIA GC (June 2013).
  b. Exhibit B: Request + Lender Letter and Port Authority Certification.
  c. Exhibit C: Response to Updated Request for Financial Status (2016).
  d. Exhibit D: Expert Report Regarding Causes of Delays.
  e. Exhibit E: Expert Report re Redevelopment Project.

3. Reply in Support of Application (July 18, 2018).
4. Panel's Email Order (July 19, 2018): ordering DV to make certain financial disclosures.
5. DV's Response to Panel's July 19 Order (July 27, 2019).
6. Panel's Preliminary Hearing Order No. 11 (August 1, 2018): Item 9 calls for further financial disclosures by DV.
7. DV's Financial Disclosures pursuant to Order No. 11 (August 6, 2018).
8. DV's email to Panel regarding August 6 Financial Disclosures (August 8, 2018).
9. TPBC's Letter responding to DV's August 8 Email (August 8, 2018).
10. DV's Letter responding to TPBC's August 8 Letter (August 9, 2018).
11. Panel's Email Order regarding Additional Disclosures (August 10, 2018).
12. DV's Additional Financial Disclosures Submitted Pursuant to Panel's August 10 Email.
13. TPBC's Letter to Panel regarding DV's Additional Financial Disclosures made pursuant to Panel August 10 Email (August 17, 2018).
14. DV's Letter responding to TPBC's August 17 Letter (August 20, 2018).
15. TPBC's Prehearing Brief (September 10, 2018).

On September 14, 2018, the Panel issued Preliminary Hearing Order No. 12 denying TPBC's Application for Preliminary Injunction without prejudice to renew, if applicable. In connection with TPBC's Application for Attachment, the parties were instructed to submit additional briefing relating to the law of attachment in New York.

3

On September 17, 2018, the parties submitted supplemental briefing regarding the law of attachment in the state of New York.

In addition, to the above - mentioned list of pleadings, Orders and correspondence, the Panel has now had the opportunity to consider:

i. Sixty-Seven (67) days of evidentiary hearings with daily transcripts;
ii. The Panel has heard TPBC's case in chief, with the exception of the testimony of one subcontractor witness, who was unavailable to testify due to medical reasons;
iii. The Panel has considered Exhibits admitted into evidence;
iv. During Phase I of the hearings, TPBC presented all of its PCI (Potential Change Items) claims, including the claims of subcontractors WDF, FSE and ASCI. As to each PCI claim presented, the Panel has reviewed TPBC's Detailed Summary Claim Statements and the DV's Detailed Summary Submissions in Response. The summary statements not only detailed alleged entitlements and defenses thereto, but also referenced relevant Exhibits. TPBC also presented its delay claim subject to rebuttal;
v. The Panel has heard and considered the testimony of TPBC's experts and has read all of the expert reports presented by TPBC in support of its claims and the claims of its subcontractors and by the DV;
vi. TPBC's Supplemental Brief in Support of Application for Attachment Order and for Preliminary Injunction;
vii. DV's letter response dated May 13, 2019;
viii. TPBC letter response dated May 15, 2019 to DV's letter of May 13, 2019;
ix. The sole TPBC exhibit provided to the Panel during the case management hearing on May 22, 2019;
x. Oral argument of the parties;
xi. DV's email dated May 28, 2019 and the attached letter of same date from the law firm of Peckar & Abramson; and
xii. TPBC's email objection dated May 29, 2019.

TPBC has renewed its Application for Preliminary Injunction and Request for a definitive ruling on its Application for the Attachment as a

4

result of the withdrawal of both law firms representing the DV necessitating a delay in the proceedings.

  A. <u>Preliminary Injunction</u>.

The Panel reaffirms its prior ruling denying TPBC's Application for the Issuance of a Preliminary Injunction without further comment.

  B. <u>Application for Attachment</u>.

TPBC's Application for Attachment is now ripe for pre-award adjudication.

Rule R-36 of the American Arbitration Association's Construction Industry Arbitration Rules as promulgated and in effect in 2013 states in relevant part:

R-36 Interim Measures.

(a) The Arbitrator may take whatever interim measures he or she deems necessary including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

(b) Such interim measures may be taken in the form of an interim award and the arbitrator may require security for the costs of such measures. If it has determined an interim award is needed, the arbitrator shall establish a reasonable due date for issuing the interim award. In the event an arbitrator does not promptly establish such a due date, the AAA shall set the date.

In the arbitration at bar, the Panel finds by a preponderance of the evidence that granting of the Application for Attachment is appropriate.

First and foremost, the Panel has the inherent authority to issue provisional measures to protect and/or conserve the monies paid to the DV by the Port Authority of New York/New Jersey for construction of the Reserved Premises ("RP"). The RP are fully operational having reached Substantial Completion on or about August 2017. The Panel further finds that the EB5 monies paid to the DV for construction of the Leased Premises

5

("LP") is similarly situated. The LP are substantially completed and the collection of lease payments is occurring.

The only documentary evidence produced at the May 22nd case management hearing was a chart entitled "GWB – Payments Received for Work Performed by TPBC and Payments Made to and Withheld from TPBC." This chart was prepared by DV's former counsel, Michael S. Zetlin, Esq.

The chart reflects that the DV has received $56,757,660.00 of EB5 funds for LP work but has only paid TPBC $39,910,815.99. The DV has retained unpaid EB5 funds earmarked for LP Construction in the amount of $16,846,844.01.

The chart reflects that the DV has received $44,196,916.19 from the Port Authority for reserved premises construction but has only paid TPBC $33,422,000.95. The DV has retained $10,774,915.24 in unpaid monies received from the Port Authority for RP work.

The total funds retained by the DV from third parties earmarked for the construction of this project is $27,621,759.25

Other compelling reasons to allow the pre-award attachment are:

1. TPBC has demonstrated an unpaid contract balance of $29,131,950.24 subject to adjustment related to the claims and counter-claims to be determined by the Panel in this arbitration. Approved pay applications nos. 30-44 remain unpaid as well as the final requisition sought in pay application No. 45. The unpaid contract balance as reflected in Respondent's Exhibit No. 120 is $29,131,950.24, including retainage;

2. The DV is asserting what it claims is a contractually permissible offset of $30,562,235.00 for liquidated damages. It is noteworthy that there is a genuine dispute between the parties as to responsibility for the delay or the quantum of concurrent delay;

6

3. Evidence of total adjusted direct cost of extra work items claimed by TPBC;

4. The DV is a single purpose entity and is organized and has a principal place of business outside of the state of New York;

5. The DV has represented that its counsel abruptly withdrew their representation on April 15, 2019. A confidential reason for counsels' withdrawal was proffered during the case management hearing; and

6. An attachment of funds held by the DV serves the dual purpose of preserving such funds subject to the arbitral award and preventing disposition of such funds for legal fees, costs and/or unrelated activities during the delay of these proceedings unilaterally caused by the DV. The DV was unable to articulate demonstrable harm if such funds were attached.

The Panel finds that under New York Law specifically § 7502(c) of the CPLR, the sole ground for granting an Order of Attachment in an arbitrable proceeding is that the award "may be rendered ineffectual without such provisional relief." This is precisely why the Panel has elected to preserve the status quo by attaching funds paid to and held by the DV for the renovation of this project.

The Panel however, having the benefit of presiding over sixty-seven (67) days of hearing, fixes the sum of the attachment at Twenty-Three Million Dollars ($23,000,000.00). This amount is deemed appropriate when considering such factors as the strengths and weaknesses of the parties' positions, the likelihood of success on the merits, the likelihood of irreparable harm absent an attachment and a balancing of the equities.

It is hereby ORDERED that TPBC's Application for Attachment is granted. The Panel orders attachment of Twenty Three Million Dollars ($23,000,000.00) of any EB5 funds, funds paid by the Port Authority and/or net lease payments in the possession of the DV. Without depletion of said funds, the DV shall disclose the location of such funds within ten (10) days from the date of entry of this Order.

With respect to the Claimant's request for an undertaking from the Respondent as may be required by NY CPLR 6212(b), the Panel orders no such undertaking as its ruling is pursuant to R-36 of the Construction Rules of the American Arbitration Association.

ENTERED this 1 day of June, 2019.

_____
Dennis Cavanaugh, Panel Chair

_____
John Fieldsteel, Panelist

_____
Gregory Beckwith, Panelist

8